# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Cr. No. 02-30044-01 |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **ALFONZO MASON** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

On June 13, 2005, Defendant Alfonzo Mason filed a Motion for Resentencing [Doc. No. 152]. At that time, the Court issued a Ruling explaining that Mason had filed a previous § 2255 motion and that the motion was denied on March 19, 2004. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a second motion filed by a person attacking a sentence under § 2255 must be certified by a panel of the appropriate court of appeals. See 28 U.S.C. § 2255; see also 28 U.S.C. § 2244(b)(3)(A). The Court is required to dismiss a second or successive habeas petition unless certain specified conditions are met. Since Mason's motion under 28 U.S.C. § 2255 was filed after the effective date of the AEDPA, the Court is without jurisdiction to consider it unless leave to file the motion is granted by the Fifth Circuit.

Accordingly, the Court dismissed Mason's Motion for Resentencing without prejudice, so that he could seek leave in the Fifth Circuit to file a second § 2255 motion. *See* [Doc. Nos. 153 & 154]. On August 9, 2005, Mason filed a notice of appeal of the Court's Judgment. [Doc. No. 157]. The case remains on appeal.

On September 1, 2006, Mason filed another "Rule 60(b)(6) Motion" [Doc. No. 165], in which he again attacked the validity of his sentence, this time based on the Court's use of an

alleged "illegal prior conviction." The Court again construed the motion as a second or successive motion to vacate sentence under 28 U.S.C. § 2255 and again found that Mason's motion must be denied and dismissed without prejudice, so that Mason can, again, seek leave of the United States Court of Appeals for the Fifth Circuit to file the same. *See* [Doc. No. 166].

Now, the Court has before it a third successive motion to vacate [Doc. No. 171], which was transferred from United States District Court, Central District of California. Although styled a Petition for Writ of Habeas Corpus, the Court construes it as another motion filed pursuant to 28 U.S.C. § 2255 because it challenges the validity of his conviction based on the insufficiency of the indictment. For the same reasons, this motion is also DENIED and DISMISSED WITHOUT PREJUDICE.

Monroe, Louisiana, this 4th day of October, 2006.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE