# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 02-30044-01** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **ALFONZO MASON** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Pending before the Court is Defendant's fourth successive motion to vacate [Doc. No. 180]. Although styled as a "Motion Rule 35(a) to Correct an Illegal Sentence Pursuant [sic] Federal Rules of Civil Procedure 5.1(a)(1)(A)," the Court construes it as another motion filed pursuant to 28 U.S.C. § 2255 because it challenges the validity of his sentence on the basis that Federal Rule of Criminal Procedure 35(a) is unconstitutional.[1]

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a successive motion filed by a person attacking a sentence under § 2255 must be certified by a panel of the appropriate court of appeals. *See* 28 U.S.C. § 2255; *see also* 28 U.S.C. § 2244(b)(3)(A). The Court is required to dismiss a successive habeas petition unless certain specified conditions are met. Since Defendant's motion under 28 U.S.C. § 2255 was filed after the effective date of the AEDPA, the Court is without jurisdiction to consider it unless leave to file the motion is granted by the United States Court of Appeals for the Fifth Circuit.

---

[1] Rule 35(a) states "Clear Error. Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).

Accordingly, Defendant's motion must be DENIED and DISMISSED WITHOUT PREJUDICE, so that he can, again, seek leave of the United States Court of Appeals for the Fifth Circuit to file his motion.

MONROE, LOUISIANA, this 5th day of January, 2007.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE